

**SIGNED this 01st day of April, 2009.**

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

```
               UNITED STATES BANKRUPTCY COURT
                 WESTERN DISTRICT OF TEXAS
                       WACO DIVISION
IN RE:                              )
                                    )
SANDRA PROFFITT FLETCHER            ) CASE NO. 08-60391-FM
            DEBTOR                  ) (Chapter 7)
_____        )
PETROLEUM WHOLESALE, L.P.           )
             PLAINTIFF              )
VS.                                 ) ADVERSARY NO. 08-6024-FM
                                    )
SANDRA PROFFITT FLETCHER            )
             DEFENDANT              )
```

## MEMORANDUM OPINION

The Court held a hearing on March 10, 2009 on the Debtor/Defendant's Request for Continuance filed January 23, 2009 which the Court deemed to be a Motion to Reconsider the Summary Judgment which was entered January 13, 2009.

1

**Facts**

This is an action for determination of the dischargeability of the indebtedness alleged to be owed by the Debtor/Defendant to Plaintiff under 11 U.S.C. §523(a)(2) and (4). The alleged debt is $37,808.90. Plaintiff alleges that the indebtedness was created under an Agreement pursuant to which Plaintiff provided to Debtor/Defendant certain gasoline and diesel fuel for resale to customers and that such product was provided on a consignment basis, the ownership which stayed with Plaintiff until sold. Basically, Plaintiff claims Defendant was "out of trust" to the tune of $37,808.90.

Debtor/Defendant employed counsel to file this bankruptcy case and it was filed. The schedules reflect Plaintiff with a Secured Claim based upon a judgment lien of $37,808.90. There are only three problems with that.

First, Plaintiff does not have a pre-petition judgment against the Debtor/Defendant.

Second, Plaintiff does not have a lien to secure its indebtedness against the Debtor/Defendant. And,

Third, Debtor/Defendant claims that she owes Plaintiff no money and, in fact, Plaintiff owes her money. Apparently, Debtor's counsel scheduled Plaintiff's claim in the manner it was scheduled and told the Debtor/Defendant to sign the pleadings.

After this adversary was filed, Debtor's counsel filed an answer basically admitting all of the relevant facts in the Complaint.

Plaintiff filed a Motion for Summary Judgment to which Debtor/Defendant's counsel failed to respond. The Motion for Summary Judgment was set for hearing on January 13, 2009 at which time the announcement was made that there was no opposition to the Motion. Accordingly, judgment was entered.

Upon questioning by the Court at the hearing on Debtor's Motion to Reconsider, the Debtor stated, among other things, the following:

"Therefore, the total difference between the credit card sales and the fuel sales was $33,025.36. However, Petroleum Wholesale drafted my account in the amount of $92,283.08 for a total overpayment of $59,257.72, and this does not include any commissions owed to me by Petroleum Wholesale." (Transcript p.6, lines 3-8).

In response to questioning about her conversations with her attorney about this adversary proceeding, Debtor/Defendant stated:

"Well, I kept getting things in the mail, and I would call Mr. Beaty and say, what is this, I got something in the mail, PWI is doing something. He said, don't worry about it, it's routine. Several times I got something in the mail. I would call him, what's going on? Don't worry about it, it's just routine. It's

3

... And he would explain ... I couldn't even repeat what he said to be honest with you. He would ... He would tell me what it was, the name of what it was, but he said, you know, don't worry about it, we're taking care of it.

And then, all of a sudden he called and said, please call me. And I called him back and he said, you need to call PWI and set up payments; their debt is nondischargeable. And I said, what? Why not? And he said, well, because you are a bailee. And he kind of explained that to me. And he said I needed to arrange payments with them.

I said, but I don't owe them that much money. I'm not sure what the amounts are, but I don't owe them that money. They drafted my accounts and we never balanced.

He said ... I said, what ... You know, I got upset at that point and started crying, didn't know what to do. Then, I e-mailed him and said, what are we going to do? They ... You know, they've taken too much money from me. What can we do? And he told me that was above and beyond his capabilities, that I needed to find other counsel. And I ... at that time, I did not know how I was supposed to respond. I briefly said something to a friend. They said you have a certain amount of time to respond. I called my attorney and about two or three days later I had not heard from him.

Someone said, you probably only have ten days. So, I called the court. They said, yes Ma'am, today is the tenth day. So I ran

up here. I left work and ran up, typed something up real fast and came up here and filed it." (Transcript p.7, line 20 through p.9, line 8).

### Conclusions

Generally in civil suits in federal court, a plaintiff is not entitled to effective assistance of counsel. *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir. 1985). Nevertheless, under Rule 59(a)(1)(B), the Court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: "After a non-jury trial for any reason for which a hearing has heretofore been granted in a suit in equity in federal court." Rule 59(a)(1)(B) FRCP.

Even so, because Plaintiff has no right to effective assistance of counsel, her assertion that her attorney was ineffective, even if true, does not provide a basis for granting a new trial under Rule 59. *Sheehan v. City and County of San Francisco, et al,* 1999 WL 33292942 (N.D. Cal. 1999)(citing *Nicholson v. Rushen, supra.).* However, because Rule 59 motions are subject to much more stringent time requirements than Rule 60(b) motions, Rule 59 motions provide relief for the movant on grounds at least as broad as Rule 60 motions. See *Lavespere v. Niagra Machine & Tool Works, Inc.,* 910 F.2d 167 (5th Cir. 1990). See also *Smith v. Morris & Manning,* 657 F.Supp. 180, 181 (S.D.N.Y. 1987)(when filing a motion under Rule 59(e), "[a party] need not

5

meet the stringent requirements of Rule 60, which is aimed at protecting the finality of judgments from belated attack."). *Liljeberg v. Health Services Acquisition Corp.,* 46 U.S. 847, 864 (1988)(quoting *Clapprott v. United States,* 335 U.S. 601, 614-15 (1949)).

Rule 60(b)(6) provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment order or proceeding for the following reasons: (6) any other reason that justifies relief." Rule 60(b)(6) FRCP.

It has been held that a new trial may be granted under Rule 60(b)(6) when "such action is appropriate to accomplish justice". See *Liljeberg.*

Such circumstances must be "extraordinary" for relief to be granted and there are only a small number of cases in which the conduct of a person's own attorney has been allowed as grounds under this Rule. Counsel's mental illness led to a default judgment and since the parties themselves were not neglectful, they were entitled to a new trial. *United States v. Cirami,* 563 F.2d 26 (2nd Cir. 1977); Counsel failed to prosecute because of serious personal problems and the party himself was not neglectful. *L.P. Stevart, Inc. v. Matthews,* 329 F.2d 234, 235 (D.C. Cir. 1964), cert. denied, 397 U.S. 824 (1964). The rulings of the foregoing two cases were that the circumstances were extreme and the parties seeking the new trial were not neglectful.

6

## Conclusion

In this case, the circumstances seem to this Court to be extreme. The Debtor/Defendant is able to tell this Court the amount by which she believes and claims that Plaintiff has been overpaid to the penny. And, this was based upon the Debtor/Defendant's analysis of a stack of financial documents that she brought with her to the hearing on reconsideration of the granting of the summary judgment. Additionally, she repeatedly called her counsel inquiring what the pleadings and other written material that came to her in the mail from Plaintiff were and was repeatedly assured by her attorney that it "was just routine" or "Don't worry about it, we're taking care of it." It was not until her counsel called her and told her that she needed to set up payment arrangements with the Plaintiff because the debt was nondischargeable that she even knew an issue existed about which she could be concerned. She acted timely and filed her "Request for Continuance" which this Court considers in substance to be a Motion to Reconsider. This Court believes that Debtor/Defendant was not neglectful and that her counsel was intentionally misleading her with regard to the seriousness of this adversary and his complete lack of investigation with regard to the legitimacy of the allegations being made against his client in the Complaint. This is a case in which having an attorney proved worse than not having one.

Accordingly, this Court feels that a new trial should be

7

granted under Rule 60(b)(6). Additionally, because it appears that the Defendant may have not only a good defense but also a counterclaim against the Plaintiff, the Debtor/Defendant should be given time to obtain counsel and should also be required to consult with the Chapter 7 Trustee as to the potential for his intervention into the proceeding to pursue a counterclaim on behalf of the bankruptcy estate for potential pre-petition overpayment by the Debtor to the Plaintiff.

An Order of even date will be entered herewith.

###

Copy To:

Debtor/Defendant
Counsel for Plaintiff
Chapter 7 Trustee